## THE STATE, DEFENDANT IN ERROR, v. MAX L. SIMON, IMPLEADED, ETC., PLAINTIFF IN ERROR.

Argued January 16, 1935—Decided April 11, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff in error, *Harry L. Weinberger.*

For the state, *Abe J. David,* prosecutor of the pleas, and *Thomas F. Hueston,* assistant prosecutor.

The opinion of the court was delivered by

PARKER, J. The indictment was in three counts, all based on section 124 of the Crimes act (*Comp. Stat., p.* 1786) as amended by *Pamph. L.* 1919, *p.* 257. *Cum. Supp. Comp. Stat.* 1924, *p.* 859. Three defendants were charged jointly: Max L. Simon, John Chirichello and Vito Ruzzito. The last was dead at the time of the trial, and Chirichello was severed and testified for the state. The trial proceeded as against Simon, who was acquitted by direction of the court without objection by the prosecutor, on the first count, and convicted on the second and third counts. He brings this writ of error.

The statute above cited, so far as relevant, reads as follows: "Any person who shall willfully and maliciously burn, or cause to be burned, or aid, counsel, procure or consent to the burning of any * * * building, * * * or any shop, storehouse, warehouse, malt-house, mill, or other building, whether it be his own or that of another * * * shall be guilty of a high misdemeanor."

The first count charged the willful and malicious burning of a printing shop and building occupied by Simon as lessee and owned by the Central Railroad Company. The second charged that the three defendants caused to be burned a building of the Central Railroad Company leased by Simon. The third count charged that they did willfully and maliciously aid and counsel and procure and consent to the burning of the same building leased by Simon. All three counts laid October 17th, 1931, as the date. The first is not before us, but will be discussed incidentally hereafter. As to the other two, the evidence tended to show that while the fire actually occurred October 17th, Simon had been planning to burn the building, where he had a newspaper plant, as early as July, and conferred with Chirichello, who was to set the fire, as late as "a couple of days after Columbus Day," or October

14th. The indictment was found on October 10th, 1933, and hence just within the two years. As to October 14th, the evidence was sufficient to present to the jury the issue of "causing" and "aiding, counselling, procuring and consenting" to a burning thereafter. The trial judge charged that the precise date was not material, and that it was unneces sary to proving the causing, or the counseling, &c., as of October 17th if the actual time was within the two years limitation. This is challenged in several aspects, and will be dealt with in its proper place.

The case comes up by the usual double track route, and the assignments of error and specifications for reversal are in number 56 and 59, respectively, the extra three specifications going to weight of evidence. The argument is arranged under six, or perhaps seven, general points. The last made in the brief may well be considered first, viz., refusal to quash the indictment. It is argued that the counts are duplicitous in that a printing shop is not a building. This seems frivolous. "Shops" are classified as buildings in the very language of the statute. Again, that count 1 speaks of "occupation" and the other two of "leasing." It should be enough to say that even conceding inconsistency, each count stands by itself, and in any event count 1 is out of the case. The argument is wholly unsubstantial. The same grounds were urged on motion to direct acquittal, and are equally untenable for the purpose of that motion. We see nothing whatever in the point.

The next point to be considered is the first one made in the ninety-seven page brief for plaintiff in error, viz., that the trial court erred in refusing to grant a continuance because of the absence of Mr. Weinberger, defendant's counsel, at a criminal trial in the United States District Court. Plaintiff in error, conceding that the matter of continuance is in general discretionary, nevertheless argues that the court abused that discretion to the prejudice of the defendant Simon. The clerk's minutes show that the arraignment was on October 20th, 1933, and trial set for November 6th. It was evidently postponed, for on January 22d, 1934, there is a minute of further postponement to February 13th. No

trial was had on that date. On April 3d, on motion of attorney for defendant, there was a further adjournment until May 14th, in view of defendant's affidavit of absent witnesses. On May 12th, 1934 (a Saturday) Mr. Weinberger swore to an affidavit that since Tuesday, the 8th, he had been in the federal court, as above stated, and that only he was familiar with both cases. On Monday morning, the 14th, a subordinate in Mr. Weinberger's office appeared in court, presented the affidavit, and asked for a further adjournment. The court pointed out that the case had been set specially and peremptorily. The defendant himself was not then in court, but appeared promptly after a threat of forfeited bail and a bench warrant. The court asked the subordinate, Mr. Budd, what other lawyers there were in the Minturn & Weinberger office, and was told of former Justice Minturn and Mr. Halpern, but that "they are not available and know nothing about the case." Mr. Budd begged off from trying the case, the court appointed former prosecutor Walsh as counsel for the defendant and ordered on the trial. Mr. Walsh obtained an adjournment until the next day, when the jury was sworn and the trial proceeded, Mr. Halpern of the Weinberger office being present and participating throughout. There was no suggestion that we can discover, that Mr. Walsh be relieved of duty because of Halpern's arrival. The case was fully presented, and we observe no claim that any material testimony for defendant was lost, nor can we see that he suffered manifest wrong and injury. It is said that the court erred in three respects, but we can find only two specified. The first is that it was essential that defendant have the personal service of Mr. Weinberger. The second is the appointment of Mr. Walsh.

As to the first, it should have been quite obvious to Mr. Weinberger and his associates that when he began the trial in the federal court on Tuesday, there was danger that it might last over the following Monday, which as they all knew, or were bound to know, was the date set for the Simon case. But nothing at all seems to have been done until Saturday, when the Weinberger affidavit was made. It states that

he had his office communicate with the prosecutor's office, but no date is given nor does the reply appear. All this time there were three other lawyers attached to Mr. Weinberger's office, two of whom at least could have prepared and tried the case. It was not stated that the absence of Mr. Weinberger in the federal court had delayed preparation of this case; indeed, it seems to have been assumed that the case had already been prepared; and the trial shows nothing to the contrary. The state rested about two P. M., and after a motion to direct acquittal had been denied, the defense put on nine witnesses, including defendant himself.

We think that the trial court was justified in concluding that either Mr. Weinberger and his associates were negligent in not arranging in due season for suitable trial counsel in the event that the case on trial in the federal court held over, or that Mr. Weinberger was trusting to luck for a completion of that case by Friday, and to an affidavit if his luck failed him. That the court's action is discretionary, is conceded: that it was not abused, we think the facts indicate. See *State* v. *Grossman*, 94 *N. J. L.* 301, 302; *affirmed*, 95 *Id.* 497. Also 16 *C. J.* 455, and *State* v. *Di Benedetto*, 82 *N. J. L.* 168; 83 *Id.* 792.

As to the appointment of Walsh, the fact should not be overlooked that defendant himself was a counselor-at-law of over sixteen years' standing at the time of the trial, and was quite competent to object to the appointment and chose his own counsel. He did neither: and in that situation the court should not be held in error for enlisting the services in his behalf, and with his tacit consent, of a skilled criminal lawyer; particularly as the case went over for the day, and on the morrow Mr. Halpern was, though belatedly, in the court room and participated with Mr. Walsh throughout the trial. We find no error exhibited under the "first point."

The points numbered 2, 3 and 4 may well be considered together.

Point 2 is headed: "The defendant could not be convicted of the crime charged, in that the state failed to prove his presence in the county on the date alleged in the indictment."

Point 3: "The court erred in charging the jury that the state could prove any date within a period not covered by the statute of limitations."

Point 4: "The acquittal on the first count of the indictment constituted a bar to the prosecution of the second and third counts."

As we have said, all three counts laid the same date, October 17th. The first alleged the burning, the second the causing a burning, and the third the counseling, procuring and consenting to the burning. They are treated in the statute as separate offenses. The evidence showed that the actual burning was in fact on the 17th and it is conceded that Simon was not there at the time. Apparently for that reason, the state in effect abandoned the first count, though it may well be questioned whether as an accessory before the fact, Simon could not have been convicted as a principal thereunder, the offense being declared a high misdemeanor. *State* v. *Wilson*, 79 *N. J. L.* 241; 80 *Id.* 467; *State* v. *Spence*, 81 *Id.* 265, a burning case. In view of the record, this point need not be pursued further. But we are unable to see that an acquittal of the actual burning, charged and proved as of the 17th, is any bar to conviction of causing a burning (count 2), and counseling and procuring a burning (count 3) charged as of the 17th but claimed by the state to have been proved as of the 14th. Defendant may have counseled it a dozen times; in fact the evidence indicates that he began to do so in July. The state had to show something within the two years, and rested on the incident of October 14. We think point 4 is without substance.

Point 2 rests fundamentally on the alleged identity of the "burning" on the 17th with the offenses charged in the other two counts. They are not necessarily identical, as has just been said.

As to point 3: the trial court properly took the ground that the state was not held down to the precise date charged in the indictment. By statute (*Comp. Stat., p.* 1831, § 33) "no indictment shall be held insufficient * * * for omitting to state the time at which the offense was committed, in any case

where time is not the essence of the offense, nor for stating the time imperfectly * * *." *Kelline* v. *State,* 59 *N. J. L.* 468. In *State* v. *Unsworth,* 85 *Id.* 237, a conspiracy case, the overt act was alleged as of October 6th, and was proved as of November 10th. In *State* v. *Shapiro,* 89 *Id.* 319, it was held by the Court of Errors and Appeals that where the date is not of the essence of the offense, the state may prove any date within the statute of limitations. The court in the case at bar evidently followed that decision in the charge. In *State* v. *Pitman,* 119 *Atl. Rep.* 438 (not officially reported), this court, reversing a conviction on other grounds, said (at *p.* 440) : "We need not reiterate here that the allegation of a date in an indictment on which it is alleged that a crime was committed is amendable, and that the state may prove any other date of its commission within two years of the finding of the indictment." In *State* v. *Calabrese,* 99 *N. J. L.* 312; *affirmed,* 100 *Id.* 412, it was held that the averment in an indictment (for carnal abuse) that the crime was committed on a certain day is altogether formal, as time is not of the essence of the offense committed.

The argument under point 3 is in three subdivisions, but they all rest on the same legal fallacy, and require no further discussion in detail. The request to "define the crime with which the defendant is being charged" was futile as a request; and in fact the court read the statute and the indictment to the jury.

Point 5. Finally, that the verdict was against the weight of evidence. The proof of an incendiary fire was plenary. The proprietary interest of Simon was fully shown. It remained to connect him with the plan to set the fire. As to this, speaking in general terms, the jury had to choose between the testimony of Chirichello and the defendant, weighing the details and the credibility of the witnesses. We see no reason at all to interfere with their verdict.

The judgment is affirmed.